IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAIN DICKEY-O'BRIEN,

    Petitioner,                    No. CIV S-07-1241 WBS KJM P

    vs.

JAMES A. YATES,

    Respondent.                ORDER AND

                                /        FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies as to claims 1 through 3.  Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims.

Petitioner has filed a motion asking that the court stay this action while he exhausts state court remedies with respect to claims 1 through 3.  In Rhines v. Weber, 544 U.S. 269, 278 (2005), the Supreme Court recognized the district court's authority to stay a mixed petition for writ of habeas corpus if the court finds good cause for petitioner's failure to exhaust earlier and merit to the claims petitioner is seeking to exhaust.

Claims 2 and 3 in petitioner's habeas application are potentially meritorious.  The court also finds that petitioner has adequately explained why he could not exhaust state court remedies earlier; petitioner asserts he has been in poor health, with psychiatric limitations, and he has had limited access to materials needed to complete state court habeas applications.  Accordingly, the court will recommend that petitioner's motion for a stay be granted as to claims 2 and 3.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis is granted.

/////
/////
/////
/////
/////
/////

1      IT IS HEREBY RECOMMENDED that:

2      1. Petitioner's June 27, 2007 motion for a stay be granted as to claims 2 and 3;

3      2. This matter be stayed;

4      3. The Clerk of the Court be directed to administratively close this case; and

5      4. Petitioner be ordered to inform the court that he has exhausted state court remedies within ten days of exhaustion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 9, 2008.

_____
U.S. MAGISTRATE JUDGE

1
obri1241 .sty