IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAIN DICKEY-O'BRIEN

    Petitioner,                        No. 2:07-cv-1241 WBS CKD P

    vs.

JAMES A. YATES, et al.

    Respondent.                       <u>ORDER</u>

_____/

          Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. The preconditions for federal habeas relief under § 2254 appear in subsection (d), which requires an initial showing that a state court has rendered a decision that was "contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts[.]" § 2254(d)(1), (2). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Cullen v. Pinholster</u>, — U.S. —, 131 S.Ct. 1388, 1398 (2011). Section 2254(d)(2) expressly limits review under that provision to "evidence presented in the State court proceeding."

          Respondent has filed a copy of the state court record. It is comprised of more than four thousand pages that respondent has divided into at least seventeen separate lodged

documents. See Docket No. 28, Notice of Lodging Paper Documents. However, respondent has not filed the entire state court record. The Supplemental Reporter's Transcript, which is filed as Lodged Document No. 16, shows the state court reporter's notation that "[p]ages 338 through 339 contain proceedings which were held in closed session, a transcript of which has been sealed pursuant to court order and attached to the original transcript." Lodged Document No. 16, Vol. 2 of 2 at 338. This court requires the entire state court record, and nothing more or less, to decide whether petitioner has met either of the preconditions for habeas relief set out in 28 U.S.C. § 2254(d). See Pinholster, supra.

   Therefore the court will order respondent to procure all parts of the state court record not already included with the filing of lodged documents and lodge them with the court in this case. This order includes especially pages 338-339 of the Supplemental Reporter's Transcript that are presumably still under seal in the Plumas County Superior Court. If either party is of the opinion that pages 338-339 should be placed under seal while in this court, the undersigned will consider a timely motion seeking relief to that effect.

   IT IS THEREFORE ORDERED that the respondent has fourteen days from the entry of this order in which to obtain all parts of the state court record not already included with the filing of lodged documents and lodge them with the court in this case. This order includes especially pages 338-339 of the Supplemental Reporter's Transcript that are presumably still under seal in the Plumas County Superior Court.

Dated: December 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE